■ DOUGLAS J. HOWELL et al., Respondents-Appellants, v DUANE P. HOWELL et al., Appellants-Respondents, et al., Defendant.—In an action, *inter alia,* for an accounting, (1) defendants Duane P. Howell and Thomas F. Hughes appeal from so much of an order of the Supreme Court, Rockland County, dated June 18, 1976, as denied their motion for summary judgment as to the first and seventh causes of action of the complaint and (2) plaintiffs cross-appeal from so much of the said order as denied their cross motion for summary judgment as to the seventh cause of action. Order affirmed insofar as appealed from, without costs or disbursements. There are issues of fact to be determined at the trial. Martuscello, J. P., Latham and O'Connor, JJ., concur; Shapiro, J., concurs insofar as the majority has affirmed the denial of defendants' motion for summary judgment, but otherwise dissents and votes to grant plaintiffs' cross motion for summary judgment and direct an accounting by appellants-respondents, with the following memorandum: In this case defendant Duane P. Howell admitted in his answer: "that at various times he made gifts of stock certificates of the common stock of INFORMATION SCIENCE, INC. to each of the infant plaintiffs, and caused said certificates to be registered with INFORMATION SCIENCE, INC. naming defendant DUANE P. HOWELL as custodian thereof". Notwithstanding the admission contained in his answer, on his motion to dismiss the complaint defendant Howell alleged that no trust, custodianship or gift had been intended or created for the infants. He further alleged that, though a transfer had been effected to defendant Hughes as custodian for the infants, this transaction was not made under the Uniform Gift to Minors Act but was, in fact, a sham to reduce Federal taxes. He further alleged that he and his wife: "did this not because of any intention or desire to create gifts for the children but rather, to set up the machinery which would minimize the tax payable [upon selling] the stock at a profit * * * The securities so registered in custodial name were never delivered to or accepted by the children". Defendant Howell also asserted that at no time did he and his wife: "ever divest ourselves of dominion over the securities * * * and *none* [of the certificates] bore the language required to create a gift under the Uniform Gift to Minors Act". In support of their motion for summary judgment the infant plaintiffs set forth the facts that the stock certificates herein issued were actually held by defendant Thomas F. Hughes as custodian, and were sold by him at a considerable profit in the purported exercise of his custodianship. In my view, while Special Term properly denied appellants-respondents' motion for summary judgment, it was error to have denied the plaintiffs' cross motion for summary judgment. The defense that no gift was made, although the manifestations of a gift were observed, is insufficient to defeat the plaintiffs' demand for an accounting. The fact is that the stock certificates in issue were actually carried in the names of the plaintiffs. Defendant Howell should be estopped from asserting his own fraud as a defense. His final position amounts to no more than a claim on his part that he was perpetrating a fraud on the tax authorities. There is, accordingly, no issue of fact or law requiring a trial.